NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA MONDRAGON, ) | CASE NO.  CV 16-728-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING TARGET |
| ) | CORPORATION'S *EX PARTE* |
| v. ) | APPLICATION TO COMPEL ARMANI |
| ) | ROBERT BENTLEY, D.C.'S AND |
| TARGET STORES; TARGET STORE ) | REQUEST FOR MONETARY |
| #2020; TARGET CORPORATION; and ) | SANCTIONS |
| Does 1-50, Inclusive, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendant Target Corporation's *Ex Parte* Application to Compel Armani Robert Bentley, D.C.'s Compliance with Subpoena and Request for Monetary Sanctions (Dkt. No. 40), which was filed on January 12, 2017.

In order to obtain *Ex Parte* relief, the moving party must show that her cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Second, the moving party must establish that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id*.

An inquiry into irreparable harm "usually" requires an assessment of the "merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial."

*Id*. Federal Rule of Civil Procedure 45 allows a party to serve a subpoena commanding production of documents at any time. The party resisting discovery has the burden of showing that discovery should not be allowed. *Sullivan v. Prudential Ins. Co. of America*, 233 F.R.D. 573, 575 (C.D. Cal. 2005). Once a discovery request is served using the appropriate method, the responding party is obligated to respond in a specific, affirmative manner." *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586 (C.D. Cal. 1999).

Here, Defendants argue that "if the discovery is not allowed, Defendant's ability to investigate the factual basis for Plaintiff's claimed damages will be severely prejudiced." Plaintiff's objected that the subpoena was "overbroad," "unreasonably vague," "oppressive and burdensome," "invade Plaintiff's constitutional right to privacy," and "seek to violate the attorney work-product and attorney-client privilege" among other objections. These are unspecific, boilerplate objections. They are scattershot objections which have minimal relevance to the documents requested in the subpoena. A request for medical documents from the last 10 years relating specifically to the Plaintiff's allegedly injured body parts is neither overbroad, nor unreasonably vague. Plaintiff filed a personal injury suit and thereby placed her health records at issue; she cannot now argue that she has a constitutional right to privacy in those records. *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Finally, Plaintiff's assertion of attorney-client privilege makes little sense as the records requested are those of the Plaintiff's doctor, not her attorney. Accordingly, the merits of the underlying Motion to Compel favor a finding of irreparable prejudice.

Similarly, there are no facts to indicate that Defendant's actions created the crisis that required ex parte relief. Defendant's Motion and accompanying exhibits show that it properly served the subpoena and then it was Plaintiff's counsel's evasive responses that caused the delay and resulting circumstances. Had Plaintiff lodged appropriate, consistent objections and responded to Defendant's repeated requests to meet and confer, the parties would not be in this position. Accordingly, the second factor for *ex parte* relief also favors Defendants.

Having found both factors weigh in favor of granting *ex parte* relief, this Court grants Defendant's Motion to Compel. Federal Rule of Civil Procedure 37(a)(5)(A) states that "if the

1  motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct
2  necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's
3  reasonable expenses incurred in making the motion, including attorney's fees."  Here, it was
4  Plaintiff's counsel predominantly responsible for the circumstances necessitating the *ex parte*
5  motion.  Counsel's delay in responding to the requests to meet and confer caused Defendants to
6  file the Motion.  This Court finds Defendants' requested fees reasonable for 5 hours of work
7  preparing the motion and 4 hours attempting to meet and confer with Plaintiff at a rate $180.00 per
8  hour.  Accordingly, the Plaintiff shall compensate Defendant for their attorney's fees.

**IT IS HEREBY ORDERED** that Defendant's *Ex Parte* Application to Compel (Dkt. No. 40) is GRANTED.

**IT IS HEREBY FURTHER ORDERED** that Armani Robert Bentley, D.C. shall comply with Defendant's subpoena and produce all responsive records, subject to Defendant's limitation of those records going back 10 years in time and relating to Plaintiff's back, neck, and shoulders.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Counsel shall pay Defendant's attorney's fees in the amount of $1620.00.

Dated: January 30, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE